Slip Op. 07-126

UNITED STATES COURT OF INTERNATIONAL TRADE

```
_____
                                        :
FIROZE A. FAKHRI                        :
D.B.A. INTERNATIONAL TRADING CO.,:
                                        :
              Plaintiff,                :    Before:    WALLACH, Judge
                                        :    Court No.: 98-08-02658
         v.                             :
                                        :    PUBLIC VERSION
UNITED STATES,                          :
                                        :
              Defendant.                :
_____:
```

[Plaintiff's Application For Fees and Other Expenses Pursuant to the Equal Access to Justice Act is DENIED and Plaintiff's Motion to Amend the Pleadings and Fee Application is GRANTED.]


Decided: August 20, 2007


Rode & Qualey (R. Brian Burke and William J. Maloney), for Plaintiff Firoze A. Fakhri D.B.A. International Trading Co.

Peter D. Keisler, Assistant Attorney General; Barbara S. Williams, Attorney in Charge, International Trade Field Office Commercial Litigation Branch, Civil Division, U.S. Department of Justice (James A. Curley); Edward N. Maurer, Office of Assistant Chief Counsel, U.S. Customs and Border Protection, of Counsel; and Dean A. Pinkert, Office of Chief Counsel for Import Administration, U.S. Department of Commerce, of Counsel, for Defendant United States.


**OPINION**

**Wallach, Judge:**

**I**
**INTRODUCTION**

Firoze A. Fakhri, who does business as "International Trading Company" ("Int'l Trading

Co."), an importer of shop towels from Bangladesh, seeks recovery of expenses and fees under

the Equal Access To Justice Act ("EAJA")[1] for being forced to relitigate an issue previously

decided in a case between the same parties.[2]  Defendant United States claims that an EAJA

award is unavailable to Plaintiff, arguing its position in the second case was substantially

justified, and that Int'l Trading Co. may not recover because this case was filed in his fictitious

business name and not in the name of Fakhri's Subchapter S corporation.  Although the

Government's position in this case was wholly without merit, because Plaintiff has come to the

court with unclean hands, his EAJA claim is denied.

## II
## BACKGROUND

The subject of the civil action for which a fee award is sought[3] is a shipment of shop

towels that Fakhri purchased in the name of his unincorporated business, Int'l Trading Co.[4]

In Int'l Trading II, the Federal Circuit affirmed this court's judgment in Int'l Trading I,

holding that where liquidation of entries had been suspended by statute pending completion of an

administrative review, "the publication of the final results in the Federal Register constituted

---

[1] 28 U.S.C. § 2412(d).

[2]Int'l Trading Co.'s application is made in connection with earlier decisions in Int'l
Trading Co. v. United States, 24 CIT 596, 110 F. Supp. 2d 977 (2000) ("Int'l Trading I"), aff'd
281 F.3d 1268 (Fed. Cir. 2002) ("Int'l Trading II"), and Int'l Trading Co. v. United States, 306 F.
Supp. 2d 1265 (CIT 2004) ("Int'l Trading III"), aff'd, 412 F.3d 1303 (Fed. Cir. 2005) ("Int'l
Trading IV").

[3] Because the background and procedural history of the underlying litigation have been
articulated in earlier decisions under this case number, both before this court and the Federal
Circuit, familiarity with the details is presumed.  However, a brief review of the facts is a
necessary precursor to a determination of whether the Government's position was substantially
justified under the EAJA.

[4] United States Customs Entry No. 774-0295548-6, filed on March 3, 1994.

notice from Commerce to Customs that the suspension of liquidation on the subject entries had been removed" within the meaning of 19 U.S.C. § 1504(d) (1993). Int'l Trading II, 281 F.3d at 1277.  The Federal Circuit also stated that § 1504(d) (1993) had thereafter "been amended, but not in ways material to the issue in [that] case." Id. at 1271.

Int'l Trading III and Int'l Trading IV were similar in all material respects to Int'l Trading II, except that the entry of shop towels covered by these cases was made approximately one month after the last entry of merchandise covered by Int'l Trading II.  Thus, Int'l Trading III and Int'l Trading IV fall into the subsequent administrative review of the antidumping duty order in place against shop towels from Bangladesh.  That last entry was also subject to an amended statute, modified by the passage of the Uruguay Round Agreements Act, Pub. L. No. 103-465, 108 Stat. 4809 (1994).[5]

The Federal Circuit in Int'l Trading IV affirmed Int'l Trading III, holding that the period for deemed liquidation pursuant to §1504(d) was triggered when the final results of the administrative review covering the entry were published in the Federal Register on October 30, 1996, and not when Customs finally received liquidation instructions from Commerce on July 1, 1997.

Plaintiff filed a Motion to Amend the Pleadings and Fee Application to Conform to the Evidence and More Fully Identify the Plaintiff, Real Party in Interest ("Plaintiff's Motion") on

---

[5] These amendments added: "[e]xcept as provided in section 1675(a)(3) of this title," to section 1504(d).  Section 1675(a)(3) provides, in relevant part, that if Commerce orders the liquidation of entries pursuant to an administrative review, the entries are to be liquidated "promptly and, to the greatest extent practicable, within 90 days after the instructions to Commerce are issued."

3

March 8, 2006.  Oral arguments concerning Plaintiff's Motion and the parties' supplemental briefings were held on May 9 and August 23, 2006.

## III
## STANDARD OF REVIEW

Under EAJA, an application for fees and expenses must be granted when "(1) the claimant is a prevailing party; (2) the government's position during the administrative process or during litigation was not substantially justified; (3) no special circumstances make an award unjust; and (4) the fee application is timely and supported by an itemized fee statement." Former Employees of Tyco Elecs., Fiber Optics Div. v. United States, 350 F. Supp. 2d 1075, 1081 (CIT 1994) (citing 28 U.S.C. § 2412(d)(1)(A)-(B)); see Libas, Ltd. v. United States, 314 F.3d 1362, 1365 (Fed. Cir. 2003) (citing INS v. Jean, 496 U.S. 154, 158, 110 S. Ct. 2316, 110 L. Ed. 2d 134 (1990)).  The EAJA is a waiver of sovereign immunity that "must be strictly construed." Ardestani v. INS, 502 U.S. 129, 137, 112 S. Ct. 515, 116 L. Ed. 2d 496 (1991).  Once sovereign immunity has been waived, the court may not narrow such a waiver. United States v. Kubrick, 444 U.S. 111, 117-18, 100 S. Ct. 352, 62 L. Ed. 2d 259 (1979).


## IV
## DISCUSSION
## A
## The Government's Position Lacked Substantial Justification
## 1
## The Government Was Not Substantially Justified in its Earlier Arguments Before This Court and the Federal Circuit

Plaintiff argues that the Government's refusal to stipulate judgment on its entry after the close of Int'l Trading II was not substantially justified, entitling Plaintiff to a reimbursement of its costs and expenses enumerated in its Application.

4

Defendant offers several arguments in response.  The Government argues that it was substantially justified because 1) the 1994 amendments altered Customs' obligations to liquidate in a timely manner and 2) that publication in the Federal Register notice does not constitute notice to Customs. Defendant's Opposition To Plaintiff's Application For Fees And Other Expenses ("Defendant's Opposition") at 11-30.  Alternatively, the Government argues that even if the amendments are applicable to the entry at issue, the time periods for liquidation commences on the date Commerce issued instructions to Customs. Id. at 30.

**a**
### The 1994 Amendments Were Not Significant Enough to Justify Defendant's Position

Under EAJA, a prevailing party other than the United States, in an action against the United States, shall recover fees and expenses, "unless the court finds that the position of the United States is substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A).  Int'l Trading Co. was unquestionably the prevailing party in all aspects of the litigation, both before this court and the Federal Circuit.

The Supreme Court has interpreted the term "substantially justified" to mean "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person . . . . To be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Pierce v. Underwood, 487 U.S. 552, 565-66, 108 S. Ct. 2541, 101 L. Ed. 2d 490 (1998) (citation omitted).  "Substantially justified" requires "that the Government show that it was clearly reasonable in asserting its position, including its position at the agency level, in view of the law and the facts." Luciano Pisoni Fabbrica Accessori

Instrumenti Musicali & Enzo Pizzi, Inc. v. United States, 837 F.2d 465, 466 (Fed. Cir. 1988)

(quoting Gavette v. Office of Pers. Mgmt., 808 F.2d 1456, 1467 (Fed. Cir. 1986) (en banc)

(emphasis in original)).  In assessing the reasonableness of the Government's overall position,

the Federal Circuit has stated "it is for the trial court to weigh each position taken and conclude

which way the scale tips." Chiu v. United States, 948 F.2d 711, 715 n.4 (Fed. Cir. 1991).

It is the Government's burden to demonstrate it was substantially justified. See, e.g.,

Libas, Ltd. v. United States, 314 F.3d 1362, 1365 (Fed. Cir. 2003).

In making its judgment, the court is guided by certain criteria which can indicate a

position's unreasonableness. Ramon Sepulveda v. INS, 863 F.2d 1458, 1460 (9th Cir. 1988); see

also Dubose v. Pierce, 761 F.2d 913 (2d Cir. 1988).  In particular, inconsistency in the

Government's position, either in comparison to its agency's actions or to the agency's

regulations, evidences a lack of substantial justification. See, e.g., Ramon Sepulveda, 863 F.2d at

1460; Nakamura v. Heinrich, 17 CIT 119, 120 (1993).

Relitigation of a previously decided issue is also a strong factor against a finding of

substantial justification. Save Our Ecosystems v. Clark, 747 F.2d 1240, 1250 (9th Cir. 1984).

The Government's argument that the proviso of § 1504(d) excepted entries subject to §

1675(a)(3) from the liquidation time requirement was rejected twice, once in Int'l Trading III,

and again by the Federal Circuit in Int'l Trading IV.  The Federal Circuit has clearly stated its

position on this issue.

The Government argues that it did not stipulate to Int'l Trading II "because it believed

that the amendments made to §§ 1504(d) and 1675(a), which were not applicable to the earlier

case between the parties but are applicable to this case, have brought about significant changes in

6

the law."[6] Defendant's Opposition at 10-11 (quoting Letter from James A. Curley to R. Brian Burke, dated August 23, 2002, Defendant's Exhibit 4).  The Government insists that its argument earlier in the litigation, that the added proviso to the statute meant there was no time limit for Commerce to give notice to Customs to liquidate the entries, had a reasonable basis in law and fact. See Defendant's Opposition at 19.  This court rejected that argument by granting Summary Judgment to Plaintiff, and that Judgment was affirmed on appeal. Int'l Trading III and Int'l Trading IV.  Rejecting the Government's position, the Federal Circuit stated:

> We think it unlikely that Congress would have undone the primary objective of the 1993 amendment to section 1504(d) by removing time limits already present in the law, without any indication in the legislative history that such a substantive change was being made.

Int'l Trading IV, 412 F.3d at 1313 (emphasis added).  The purpose of the amendments is also made apparent in its legislative history. H.R. Rep. No. 103-361 pt. I, at 139 (1993); see also H.R. Rep. No. 1418, at 9 (1980); H.R. Rep. No. 1434, at 25 (1980) (Conf. Report); S. Rep. No. 253, at 1, 4 (1979).

The Federal Circuit in Int'l Trading IV clarified that the amendments did not alter Customs' responsibility to liquidate in the manner prescribed by the statute, citing the rationale in the statute's legislative history. Int'l Trading IV, 412 F.3d at 1313; see H.R. Rep. No. 103-361 pt. I, at 139 (1993); see also H.R. Rep. No. 1418, at 9 (1980); H.R. Rep. No. 1434, at 25 (1980) (Conf. Report); S. Rep. No. 253, at 1, 4 (1979).  Section 1504 was originally enacted in 1978 to impose a four-year time limit for liquidation, with the motivation being "to 'increase certainty in

---

[6] Even though the 1994 amendments were not at issue in Int'l Trading II, the Federal Circuit noted that despite the fact that the statute was amended in 1994, it was not "in ways material to the issue in this case." Int'l Trading II, 281 F. 3d at 1271.

the customs process for importers, surety companies, and other third parties with a potential

liability relating to a customs transaction.'" Int'l Trading II, 281 F.3d at 1272 (quoting Dal-Tile

Corp. v. United States, 17 CIT 764, 770, 829 F. Supp. 394 (1993)).  Referring to amendments to

the statute in 1993, the court in Int'l Trading II explained that the [G]overnment's position in the

case "would undermine one of the principal objectives of the 1993 amendments by giving the

Government the unilateral ability to extend the time for liquidating entries indefinitely." Id. at

1273.

      The Government argues in its opposition that "the position of the Government, therefore,

is substantially justified 'even though it is not correct' so long as it 'could satisfy a reasonable

person.'" Defendant's Opposition at 10 (quoting Pierce v. Underwood, 487 U.S. at 565, 566 n.2).

However, the substantial justification standard is not a reasonable justification standard. See

Spencer v. NLRB, 712 F.2d 539, 558 (1983) (noting that "the Senate Judiciary Committee

considered and rejected an amendment to the bill that would have changed the pertinent language

from "substantially justified" to "reasonably justified," S. Rep. No. 253, at 1, 8 (1979),

suggesting that the test should, in fact, be slightly more stringent than "one of reasonableness").

**b**
**The Government's Notice Argument Had Previously Been Rejected**

      The Government's second argument concerns whether a Federal Register notice

constitutes notice to Customs, and whether an employee of the agency qualifies as a "person"

capable of receiving notice under the statute. Defendant's Opposition at 25.  The Government

has maintained in all preceding litigation that publication in the Federal Register does not

constitute notice to Customs, and has alternatively argued that an email message to Customs does and does not constitute notice. See, e.g., Id.; Int'l Trading II, 281 F.3d at 1274.

The Federal Register Act states that a filing of a document is sufficient to give notice of its contents to a person subject to it, and a federal agency is not included in the definition of "person." 44 U.S.C. § 1501, § 1507; see Defendant's Opposition at 25.  This issue was raised by the Government and was decided in Plaintiff's favor in Int'l Trading II, III, and IV.[7]

Even though Customs liquidated Plaintiff's entries more than six months after the Federal Register notice was published, the Government argues that Customs liquidated them within the statutorily prescribed time of 90 days after Commerce issued instructions. Defendant's Opposition at 31; see also 19 U.S.C. § 1675(a)(3)(B).[8]  Defendant makes that argument in reliance on the notion that Commerce did not give notice until it issued "instructions" to Customs to liquidate.

There is no statutory definition of what constitutes notice in this circumstance, nor particularly whether notice can be fulfilled through an email or publication of a Federal Register

---

[7] The court in Int'l Trading III stated:

> This court gathers from the Federal Circuit's reasoning in Int'l Trading II and a denial of the Government's petition for rehearing on the very same claim that the Federal Circuit did not want to reach the result that would follow from application of the Government's current interpretation of the statute.

Int'l Trading III, 306 F. Supp. 2d at 1276.

[8] 19 U.S.C. § 1504(d) states that Customs is required to "liquidate the entry . . . within 6 months after receiving notice of the removal [of suspension] . . . ."
 19 U.S.C. § 1675(a)(3)(B) states that an entry must be liquidated "within 90 days after the instructions to Customs are issued."

notice; however, the Federal Circuit held in <u>Int'l Trading II</u>, and reiterated in <u>Int'l Trading IV</u>, that "publication of the final results [of an administrative review] in the Federal Register constituted notice from Commerce to Customs" within the meaning of 19 U.S.C. § 1504(d). <u>Int'l Trading II</u>, 281 F.3d at 1277; <u>Int'l Trading IV</u>, 412 F.3d at 1306.  Therefore, based on the Federal Circuit's repeated interpretation of the statute, Customs liquidated Plaintiff's entries after the statutorily allotted time had expired, more than six months after it received notice from Commerce in the Federal Register.  The Government's position was not substantially justified.

**2**

**The Special Circumstances Alleged by the Government Do Not Bar Plaintiff From Recovering Under EAJA**

The Government also argues that because special circumstances exist in this case, it is impermissible to award fees and expenses under the statute. Defendant's Opposition at 30.  The Government alleges that special circumstances are present in this case because the court in <u>Int'l Trading II</u> denied without opinion the Government's petition for a panel rehearing, thereby "requir[ing the Government] to relitigate the issue of notice through publication in the Federal Register to obtain judicial review on this point." <u>Id.</u>

The purpose of barring a fee award where special circumstances exist has been explained by the courts.

> This "safety valve" helps to insure that the Government is not deterred from advancing in good faith the novel but credible extensions and interpretations of the law that often underlie vigorous enforcement efforts. It also gives the court discretion to deny awards where equitable considerations dictate an award should not be made.

<u>Devine v. U.S. Customs Service</u>, 733 F.2d 892, 895-96 (Fed. Cir. 1984) (quoting H.R. Rep. No. 1418, 96th Cong., 2d Sess. 11, <u>reprinted in</u> 1980 U.S.C.C.A.N. 4984, 4990).

Additionally, "special circumstances have been recognized where the government unsuccessfully advanced novel and credible legal theories in good faith. . . ." Am. Air Parcel Forwarding Co. v. United States, 12 CIT 850, 853, 697 F. Supp. 505, 507 (1988).  Such an analysis does not apply here, since the Government's position was not novel, and was rejected as without merit twice by the Federal Circuit and twice by this court.  That the Government chose to relitigate an issue after both this court and the Federal Circuit ruled against its position is not a special circumstance within the meaning of EAJA.[9]

In sum, no special circumstances alleged by the Government exist to trigger the second limit to EAJA recovery.

**B**
**International Trading Co. is an Eligible Party Under 28 U.S.C. § 2412(d)(2)(B)**

Defendant argues that Plaintiff is not entitled to an award of fees and expenses under § 2412(d)(2)(B) because it is not an eligible "party," as defined by EAJA. Defendant's Opposition at 4.[10] [11]

---

[9]Although the particulars of the Government's Federal Register Act argument may not have been discussed by the Int'l Trading II court, the court did address the Government's position when it stated "[t]he trial court found no merit in that argument, nor do we." Int'l Trading II, 281 F.3d at 1273.  In Int'l Trading IV, the Government argued that Int'l Trading II should be overruled en banc.  The Federal Circuit rejected the Government's argument, stating that "the issue of notice to Customs is thorough and well-reasoned," and quoted discussion of the issue at length in the opinion. Int'l Trading IV, 412 F.3d at 1308.  Nonetheless, the Government submitted to this court an additional brief on this subject, again arguing the merits of this issue. Defendant's Motion For Leave to File Response to Points Raised By the Court at Status Conference of February 10, 2006, on EAJA Application For Fees and Expenses (February 23, 2006).

[10] The Government stretches the bounds of logic when it argues that Int'l Trading Co. "...is not an individual whose net worth did not exceed $2 million . . . ." and Int'l Trading Co. has not been shown to be "owner of an unincorporated business." Defendant's Opposition at 4. Thus,

An eligible party under EAJA is:

> (i) an individual whose net worth did not exceed $2,000,000 at the time the civil action was filed, or (ii) <u>any owner of unincorporated business,</u> . . . the net worth of which did not exceed $7,000,000 at the time the civil action was filed, and which had not more than 500 employees at the time the civil action was filed . . . .

28 U.S.C. § 2412(d)(2)(B) (emphasis added).  According to Plaintiff's Affidavit, Int'l Trading Co. is an unincorporated business, with 3 employees of record, and worth $2.5 million at the time the action was originally filed.[12] Firoze A. Fakhri Affidavit ¶¶ 1-2 (February 6, 2006); Firoze A. Fakhri Affidavit ¶¶ 1-2 (January 29, 2004).  In the supplemental affidavit of Michael A. Henry, the accountant of Firoze A. Fakhri and Int'l Trading Co. since 1981, Henry avers that the records

---

the Government reasons, since the case caption names Int'l Trading Co. rather than "Firoze A. Fakhri DBA International Trading Co.," this could not possibly be an action by the owner of an unincorporated business. <u>Id.</u> at 7.

The jejune nature of the Government's argument is demonstrated by Paragraph 2 of the Complaint in this case. "THAT the plaintiff is the importer of record of the merchandise which is the subject to this action." Defendant answered "Denies; avers that the importer of record is shown on the Entry Summary as Firoze A. Fakhri." Answer ¶ 2.  At oral argument the Government was unable to demonstrate no substantive prejudice arising out of suit by Mr. Fakhri in the name of his DBA, and counsel for the Government conceded that in response to his Answer which was filed in August of 2000, Mr, Fakhri's counsel provided the Government a copy of his California fictitious name statement showing he was registered as doing business as Int'l Trading Company.

[11] Counsel for Defendant said at oral argument that <u>Southwest Marine, Inc., on behalf of Universal Painting and Sandblasting Corp. v. United States,</u> 43 F.3d 420 (9th Cir. 1994), shows that Firoze A. Fakhri is not an eligible party under EAJA. However, the case <u>sub judice</u> is distinguishable.  While the cited case deals with corporations, Int'l Trading Co. is Fakhri's unincorporated business.  Further, both Mr. Fakhri and Int'l Trading Co. had standing to sue in the underlying litigation, unlike the sub-contractor corporation in <u>Southwest</u>.

[12] Four affidavits averring Firoze A. Fakhri and Int'l Trading Co.'s net worth have been submitted to the court by Plaintiff's counsel. Firoze A. Fakhri Affidavit (February 6, 2006), Plaintiff's Reply, Exhibit A; Firoze A. Fakhri Affidavit (January 29, 2004), Plaintiff's Application for Fees and Other Expenses Pursuant to EAJA (2004), Exhibit B; Michael A. Henry (March 26, 2006).

concerning the net worth of both Fakhri and his unincorporated business, having been "kept in accordance with generally accepted accounting principles". . . and demonstrate the net worth of Int'l Trading Co. on August 10, 1998, was "approximately 2.5 million." Michael A. Henry Affidavit ¶¶ 3-4; see Firoze A. Fakhri Affidavit (February 6, 2006).  Based on a review of accounting records, Henry estimates that the total personal net worth of Fakhri, including the net worth of Int'l Trading Co., was approximately 4.4 million on that same date. Id. ¶ 5.

Because the "party" seeking reimbursement is Firoze Fakhri suing as owner of an unincorporated business, Int'l Trading Co., and not Firoze A. Fakhri suing as an individual, Int'l Trading Co. is an eligible party under prong (ii) of the EAJA.  The language of the statute is clear and unambiguous.  Defendant's reliance on the first prong of the statute is misplaced.

The California Fictitious Business Name Statute, CA Bus. & Prof. Code § 17900 (2007), under which Firoze Fakhri registered Int'l Trading Co. further solidifies the legal connection between Int'l Trading Co. and Fakhri.  Interpreting the statute, the California Court of Appeal having jurisdiction over the county in which Fakhri registered Int'l Trading Co., noted:

> "[t]he designation [DBA] means 'doing business as' but is merely descriptive of the person or corporation who does business under some other name.  Doing business under another name does not create an entity distinct from the person operating the business."  The business name is a fiction, and so too is any implication that the business is a legal entity separate from its owner.

Pinkerton's, Inc. v. Superior Court of Orange County, 57 Cal. Rptr. 2d 356, 360 (Cal. Ct. App. 1997) (internal citations omitted) (quoting Providence Washington Ins. Co. v. Valley Forge Ins. Co., 50 Cal. Rptr. 2d 192, 194 (Cal. Ct. App. 1996)).

Defendant alleges there is prejudice in adding Fakhri as a party at this stage of the litigation; however, when pressed at oral argument, counsel for Defendant was unable to

13

articulate any specific prejudice.  Almost six years ago, Plaintiff faxed to Defendant a copy of

Fakhri's Ficititious Name Statement that was filed in California. Reply to Defendant's

Opposition to Plaintiff's Application for Fees and Other Expenses ("Plaintiff's Reply"), Exhibit

A, Fax dated October 5, 2000 from R. Brian Burke to James Curley.  Filing of such a statement,

and the underlying CA statute was "designed to give public notice of the true names of

individuals doing business under a fictitious name." Hunter v. Croysdill, 337 P.2d 174, 180 (Cal.

Dist. Ct. App. 1959) (interpreting the predecessor Fictitious Business Name statute).

At oral argument, Plaintiff provided uncontradicted evidence that the U.S. Treasury

antidumping duty refund check due to Plaintiff Int'l Trading Co. was issued to Firoze A. Fakhri.

U.S. Treasury Check, Plaintiff's Exhibit 2 (May 9, 2006).  Upon review of the statute "creating"

Int'l Trading Co. in 1980, there is no cognizable prejudice to Defendant.  Therefore, Firoze

Fakhri and Int'l Trading Co. both qualify as a "party" under EAJA.


## C
### Plaintiff's Motion to Amend the Pleadings to Conform to the Evidence is Granted

Plaintiff seeks the addition of Firoze A. Fakhri as a named party in its Motion to Amend

the Pleadings. Plaintiff's Motion at 6.  Defendant counters that such an amendment is

impermissible because it would unfairly prejudice the United States and such amendments are

not permitted post-judgment. See Defendant's Opposition to the Plaintiff's Motion to Amend

Pleadings and Fee Application, and Brief ("Defendant's Opp. to Amendment") at 2.

USCIT Rule 15(c) provides three requirements for an amendment to relate back to the

date of the original pleading.  They are 1) the amended complaint must arise "out of the conduct,

transaction or occurrence set forth . . . in the original pleading; 2) there must be a sufficient

identity of interest between the new plaintiff, the original plaintiff, and their respective claims so

that defendant received fair notice of the latecomer's claim against them; and 3) there is no

undue prejudice. Allied Int'l v. Int'l Longshoremen's Ass'n, 814 F.2d 32, 35-36 (1st Cir. 1987)

(interpreting Fed. R. Civ. P. 15(c)).[13]

Plaintiff meets all three requirements, allowing the relation back of this amendment to the

original pleading filed in this case. See Plaintiff's Motion at 8.  Plaintiff's amended complaint

requesting the addition of Firoze A. Fakhri, the owner of Int'l Trading Co., to the caption,

apparently arises out of the same "conduct, transaction, or occurrence." Id.

The "identity of interest" prong is satisfied because Mr. Fakhri is the owner of Int'l

Trading Co., his unincorporated business, "as the two are one and the same." Id.  Similar

amendments to the original pleading have previously been upheld by other courts. In Reyna v.

Flashtax, Inc., 162 F.R.D. 530, 534 (S.D. Tex. 1995), the plaintiff was permitted to amend its

complaint by adding his own name to the trade name under which he did business. Similarly, an

amendment adding the name of a predecessor corporation to the caption was allowed in

Hemphill Contracting Co. v. United States, 34 Fed. Cl. 82, 87 (1995). Granting the amendment,

the court in Hemphill stated:

> A little common sense goes a long way to show that the complaint contains a mere
> misnomer, and that Hemphill Co. and the plaintiff are one and the same. . . . There

---

[13] The standard for amendment of an EAJA application is no different than for the
amendment of other pleadings. See Scarborough v. Principi, 541 U.S. 401, 416 124 S. Ct. 1856,
158 L. Ed. 2d 674 (2004); Townsend v. Commissioner, 415 F.3d 578, 581-82 (6th Cir. 2005);
United States v. Hristov, 396 F.3d 1044, 1046-47 (9th Cir. 2004).  The Federal Circuit has also
held that "the content of the EAJA application should be accorded some flexibility."
Scarborough v. Principi, 319 F.3d 1346, 1351 (Fed. Cir. 2003) (quoting Bazalo v. West, 150 F.3d
1380, 1383 (Fed. Cir. 1998)).

is a strong judicial policy toward merit-based decisions, and against throwing out claims because of a minor technicality.

<u>Id.</u> at  86.   Here, Plaintiff is solely requesting to alter the caption on the pleadings for the sake of clarity and is not seeking the addition of any new parties or claims.   Mr. Fakhri is not a stranger to this litigation and has always been the real party in interest with Int'l Trading Co.   Plaintiff's sought amendment arises out of the transactions in the original Complaint. <u>See id.</u> at 87.

> "A . . . substitution of plaintiffs should be liberally allowed when the change is merely formal and in no way alters the original complaint's factual allegations as to the events or the participants."

<u>Hilgraeve Corp. v. Symantec Corp.</u>, 212 F.R.D. 345 (E.D. Mich. 2003) (quoting <u>Advanced Magnetics, Inc. v. Bayfront Partners, Inc.</u>, 106 F.3d 11, 19 (2d Cir. 1997)).

Plaintiff relies on several cases for support.  In <u>Triangle Distributing, Inc. v. Shafer, Inc.</u>, No. 90-4042, 1991 U.S. App. LEXIS 20042, at *5-*6 (6th Cir. August 23, 1991), the court allowed a post-judgment amendment to the pleadings in order to correct a misnomer of a party. In <u>Bazalo v. West</u>, 150 F.3d 1380, 1382-1384 (1998), the court permitted a party to supplement its EAJA application to establish it was an eligible party under the statute, beyond the thirty-day filing requirement.  Defendant argues that <u>Triangle</u> is distinguishable from the case at bar because it only involved a change in a name that was not due to "[P]laintiff's own inexcusable neglect", whereas here Plaintiff seeks the addition of a new party. Defendant's Opp. to Amendment at 5; <u>see</u> <u>Triangle</u> at *2.

Defendant argues that allowing this amendment will "unfairly prejudice[]" it because this issue was never argued in earlier litigation. <u>See</u> Defendant's Opp. to Amendment at 2.  Plaintiff contends that although it raised this issue in its pleadings, it did not argue this issue because Defendant conceded Plaintiff's standing. Plaintiff's Motion's at 11.  Defendant counters that it

conceded standing for purposes of trial and not for an award of costs under EAJA. Defendant's Opposition at 15.

It is apparent that from official Customs entry papers for the imported shipments of towels that Mr. Fakhri, using the name of Int'l Trading Co., purchased and imported the shop towels which are the subject of this case. See Plaintiff's Motion, Exhibit A (including Commercial Invoice No. SCML/169/94, CF 7501 Customs Entry Summary No. 774-0295548-6, Customs Continuous Bond No. 279217945).  The connection between Mr. Fakhri and Int'l Trading Co. is also apparent from the additional documentation submitted to this court and to Customs by Plaintiff. See, e.g., Attachments to Plaintiff's Response to Court's Request for Additional Documentation of Party Status and Supplementation of Record Based on New Information (May 30, 2006) ("Plaintiff's 1st Supp. Briefing"); U.S. Treasury Check, Plaintiff's Exhibit 2 (May 9, 2006).  Defendant's arguments contesting the applicability of Triangle and Bazalo are misguided.  Int'l Trading Co.'s  recent motion to add Fakhri as a party is not due to "inexcusable neglect"; rather, it was necessitated by Defendant's objections to Int'l Trading Co.'s eligibility as a party under EAJA. The amendment Plaintiff seeks is comparable to Triangle because it is essentially an addition of a name relating to the same entity.

It is not necessary to address Defendant's argument that a motion to amend the pleadings is impermissible post-judgment, since Plaintiff's amendment properly relates back to the time of the filing of its EAJA Application in this round of the litigation.

Thus, Plaintiff's Motion to Amend the Fee Application is Granted.

**D**
**Fakhri's Subchapter S Corporation, Farbe, Inc., Does Not <u>Per Se</u> Affect**
**International Trading Co.'s EAJA Eligibility**

After the first oral argument on May 9, 2006, the court allowed the parties to submit

supplemental briefing bearing on the issue of whether Int'l Trading Co. is an eligible party;

Plaintiff submitted a new affidavit by Firoze Fakhri disclosing the existence of a Subchapter S

corporation in the name of Farbe, Inc., which does business as Int'l Trading Co. <u>See</u> Firoze A.

Fakhri Affidavit (May 26, 2006).  A second oral argument was held three months later

concerning how the existence of the corporation may affect Int'l Trading Co.'s eligibility as a

party under EAJA.  At that time, the court requested that the parties submit additional briefing on

whether the case had to be filed in the name of Farbe, Inc. in order for Plaintiff to be eligible for

fees under EAJA, whether the existence of the corporation is relevant to the determination of

eligibility, and whether the manner in which Fakhri filed his personal income tax returns affects

his eligibility.

In Defendant's Response to Plaintiff's Submission of Additional Documentation of Party

Status and Supplementation of Record (June 16, 2006) ("1st Supp. Briefing Response"),

Defendant contests Int'l Trading Co.'s eligibility for recovery under EAJA for two reasons.

First, the existence of Farbe, a corporation, precludes recovery under 28 U.S.C. § 2412(d)(2)(B),

because Int'l Trading Co. is an owner of a corporation. 1st Supp. Briefing Response at 4.

Second, Int'l Trading Co.'s fictitious business name statement expired, therefore Fakhri does not

have a claim to Farbe, Inc., because the only valid fictitious business name statement links Int'l

Trading Co. and Farbe, with no mention of Fakhri. <u>Id.</u> at 3-4.

The discovery of the existence of Subchapter S Corporation Farbe, Inc. creates the issue of whether the existence of a corporation affects Plaintiff's eligibility to recover fees and expenses under EAJA.  28 U.S.C. § 2412(d)(2)(B) includes corporations in its definition of eligible "party." § 2412(d)(2)(B); see, e.g., Missouri Pac. Truck Lines v. United States, 746 F.2d 796, 797-98 (Fed. Cir. 1984); H.R. Rep. No. 1434, 96th Cong., 2d Sess. 26, reprinted in 1980 U.S.C.C.A.N. 5003, 5015.

 A brief timeline is helpful in understanding the parties' contentions in their post oral argument submissions.  In 1980, Fakhri filed a fictitious business statement in California for Int'l Trading Co. D.B.A. as Firoze Fakhri. Firoze A. Fakhri Affidavit (May 26, 2006), Plaintiff's 1st Supp. Briefing.  In 2002, Int'l Trading Co. filed a statement doing business as Farbe.  Firoze Fakhri was the signatory to both statements.  Farbe had not yet been created at the time of the subject importations in connection with earlier litigation in Int'l Trading I, II, III, and IV. Plaintiff's Brief on Issue Raised by Court at Oral Argument on August 23, 2006 ("Plaintiff's 2nd Supp. Briefing") at 2 (citing Articles of Incorporation of Farbe, Inc., attached to Plaintiff's 1st Supp. Briefing).

Eligibility for EAJA recovery is determined at the date of commencement of the litigation, and not at the date of the importation of the subject merchandise. 28 U.S.C. § 2412(d)(2)(B). Equitable defenses to such affirmative relief, however, may be entertained after the commencement of litigation at the trial court's discretion.

The Government did not contest Int'l Trading Co.'s legal capacity to sue in the underlying litigation. The Government was on notice that Int'l Trading Co. was in operation and existence, since it was listed on Customs' documentation, and the Government was served by

Int'l Trading Co. at the commencement of this litigation. The Government did not question the

legitimacy of Int'l Trading Co.'s existence until its June 2006 brief, submitted after the February

2006 oral argument.[14]  This argument was raised only <u>after</u> the court, <u>sua sponte</u>, raised the issue

of California Business law at oral argument.  It is only at the fee recovery part of this litigation

that Defendant argues that Fakhri and Int'l Trading Co. are not the proper Plaintiffs in this action,

now that the existence of Farbe is known. <u>See</u> Defendant's Response at 4.  Therefore, it would be

unfair to entertain the Government's argument at this time that Int'l Trading Co. is not an eligible

party under EAJA, when the substantive issues have already been decided. The defense of

noncompliance is waived if the defendant fails to raise it. <u>Bryant v. Wellbanks</u>, 263 P. 332, 336

(Cal. Dist. Ct. App. 1927).  Moreover, the Government has not argued reliance on such fictitious

business statements.

The purpose of section 17920 of the California Fictitious Business Name statute is that

public notice and record shall be given of the actual parties doing business "with such

definiteness and particularity that those dealing with them may at all times know who are the

individuals with whom they are dealing or to whom they are giving credit or becoming bound."

<u>Andrews v. Glick</u>, 272 P. 587, 588 (Cal. 1928).  The overall purpose of the statute is to prevent

fraud. <u>Berg Metals Corp. v. Wilson</u>, 339 P.2d 869, 878 (Cal. Dist. Ct. App. 1959).  The

Government has not alleged fraud here.

The issue is clarified by <u>Pinkerton's Inc.</u>, where the court held that even though Plaintiff

could have sued the corporation, by suing and serving it under its fictitious business name, and

---

[14] Whether fees and expenses are awarded to Farbe, Inc., Fakhri, or Int'l Trading Co. does
not affect the obligations or the liability of the United States.

by the corporation appearing under its fictitious business name in the action, the lawsuit was

correct. 57 Cal. Rptr. at 360-61.  The appellate court found that the trial court had erred by

concluding two separate appearances had to be made by the defendant corporation, one by its true

legal name and one under its fictitious business name, and also erred by finding the action could

proceed against the fictitious business name after the corporation had been dismissed. Id.  This

case stands for the proposition that doing business under a fictitious business name does not

create an entity distinct from the person operating the business.  Even though the EAJA statute

was not at issue in Pinkerton's, the principle in that case is useful here.

Most important is the fact that the original entries of shop towels, for which Plaintiff is

seeking recovery of fees and expenses now, were imported by Int'l Trading Co. before the

creation of Farbe, Inc.[15]  The refund check from Customs was made out to Firoze A. Fakhri, the

holder of the fictitious name Int'l Trading Co., whose gains and losses were reported on his tax

return.  Farbe, Inc. was never involved in the transaction at issue, and did not begin doing

business under the name Int'l Trading Co. until 2002, when it filed a new fictitious business

name statement registering Int'l Trading Co. as the name under which Farbe was doing business

as a corporation. Firoze A. Fakhri Affidavit, ¶ 3-4 (February 8, 2007); Fictitious Business Name

Statement Form (April 25, 2002) (Proof of Publication attached to Plaintiff's 1st Supp. Brief).

Because Farbe transacts business under the fictitious business name Int'l Trading Co., and at the

time of the transaction at issue, Fakhri was transacting business under Int'l Trading Co., the three

entities are undoubtedly interconnected, reinforced by the fact that all three names can be found

---

[15] It is not certain that Farbe, Inc. even had standing in the underlying litigation originally
commenced in 1998.  However, it is unnecessary for the court to undertake such an analysis at
this juncture.

on Fakhri's tax return. See, e.g., Vernon v. Schuster, 688 N.E. 2d 1172, 1176-77 (Ill. 1997)

(doing business under another name does not create an entity distinct from the person operating

the business.); Meller & Snyder v. R & T Props., Inc., 73 Cal. Rptr. 2d 740, 744-45 (Cal. Ct.

App. 1998).  Thus, Farbe , Inc. is an eligible party under EAJA.  However, despite its eligibility,

Plaintiff's failure to disclose relevant information to this court bar its claims under applicable

equitable doctrines.


**E**
**Special Circumstances Bar the Plaintiff From Recovering Under EAJA**

While the Government's arguments concerning special circumstances are meritless, there

still exist special circumstances not plead by Defendant that weigh in favor of a denial of fees.

The "special circumstances" language in the statute requires the application of traditional

equitable principles in determining whether a prevailing party is entitled to an EAJA award. See,

e.g., Air Transp. Ass'n of Can. v. FAA, 156 F.3d 1329, 1333 (D.C. Cir. 1998); Oguachuba v.

INS, 706 F.2d 93 (2d Cir. 1983);

The doctrine of unclean hands is equitable in nature and within the sound discretion of

the trial court. E.g., Precision Instrument Mfg. Co. v. Auto. Maint. Mach. Co., 324 U.S. 806,

814-15, 65 S. Ct. 993, 89 L. Ed. 1381 (1945); Johnson v. Yellow Cab Transit Co., 321 U.S. 383,

64 S. Ct. 622, 88 L. Ed. 814 (1944).  The defense need not be raised by a party as the court can

invoke it sua sponte. E.g., Devine v. Sutermeister, 733 F.2d 892, 896 (Fed. Cir. 1984); Gaudiosi

v. Mellon, 269 F.2d 873 (3d Cir. 1959).  The maxim imposes itself on a party seeking affirmative

relief, whether a corporation or an individual, requiring they act in good faith and conscience.

Precision Instrument Mfg. Co., 324 U.S. at 814-15.  The doctrine is invoked to protect the

integrity of the court. Gaudiosi, 269 F.2d at 881 (citing Hall v. Wright, 240 F.2d 787, 795 (9th

Cir. 1957)) ("Courts are concerned primarily with their own integrity in the application of the

clean hands maxim and even though not raised by the parties the court will of its own motion

apply it.").

When seeking affirmative relief under EAJA, equity requires that a party has acted in

good faith and fairly and not engaged in conduct "condemned and pronounced wrongful by

honest and fair-minded men." 27A Am. Jur. 2d Equity § 129 (2007) (citing N.Y. Football Giants,

Inc. v. L.A. Chargers Football Club, Inc., 291 F.2d 471 (5th Cir. 1961)).  The moral intent, and

not the actual injury incurred, is the fundamental inquiry in determining whether a party has

unclean hands. Bishop v. Bishop, 257 F.2d 495, 501 (3d Cir. 1958).  Here, Int'l Trading Co.'s

status as an eligible party directly affects whether it will recover upon its cause of action.

Therefore, unclean hands is clearly available to bar any such equitable relief it seeks.

In the EAJA portion of the Int'l Trading litigation, the focus of the court's inquiry has

centered on whether Int'l Trading Co. is an eligible party to recover costs and attorneys' fees.  To

that end and at the court's behest, the parties submitted two sets of supplemental briefing on the

issue, in addition to Plaintiff's affidavits, federal income tax returns and business documentation

associated with his company Int'l Trading Co., attesting to its eligibility as a party to recover

under the statute.  In its second supplemental briefing, Plaintiff submitted a third affidavit of Mr.

Fakhri (dated May 26, 2006), finally disclosing the existence of his corporation, Farbe, Inc.  The

existence of the corporation is conspicuously absent from the affidavit of Fakhri's accountant,

Michael A. Henry (March 26, 2006), or any other documentation provided by Plaintiff.  It was

only after the court's repeated requests for additional information about Fakhri, Int'l Trading Co.,

and Farbe to determine whether Plaintiff is an eligible party that this information was disclosed to the court and to Defendant, more than three years after this EAJA litigation was commenced.

Fakhri has made a series of misrepresentations to this court by failing to disclose the existence of its corporation, a piece of information bearing on the central issue in this litigation. Plaintiff's failure to disclose this information cannot have been accidental, in light of the court's searching inquiry into Int'l Trading Co.'s records to determine its eligibility under the statute. The existence of Farbe, Inc. undoubtedly should have been brought to the court's attention earlier, prior to the court's repeated requests for information, to clarify whether Int'l Trading Co. is an eligible party.

In equity, Plaintiff is without clean hands and is thus barred from recovering under the statute.

# V
# CONCLUSION

For the above stated reasons, the court holds that Plaintiff's Application for Fees under EAJA is denied in its entirety.

_/s/ Evan J. Wallach____
Evan J. Wallach, Judge

Dated: August 20, 2007
        New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

———————————————————————  :
                                                                    :
FIROZE A. FAKHRI                                      :
D.B.A. INTERNATIONAL TRADING CO.,:
                                                                    :
                                    Plaintiff,          :          Before:     WALLACH, Judge
                                                                    :          Court No.: 98-08-02658
                          v.                                     :
                                                                    :
UNITED STATES,                                       :
                                                                    :
                                    Defendant.       :
———————————————————————  :

<u>ORDER AND JUDGMENT</u>

Upon consideration of Plaintiff's Application For Fees and Other Expenses Pursuant to the Equal Access to Justice Act ("Plaintiff's Application"), and Plaintiff's Motion to Amend the Pleadings and Fee Application ("Plaintiff's Motion"); the court having reviewed all pleadings and papers on file herein, and good cause appearing therefor, it is hereby

ORDERED that Plaintiff's Application is DENIED; and it is further

ORDERED that Plaintiff's Motion is GRANTED; and it is further

ORDERED that all parties shall review the court's Opinion in this matter and notify the court in writing on or before Friday, August 31, 2007, whether any information contained in the Opinion is confidential, identify any such information, and request its deletion from the public version of the Opinion to be issued thereafter.  The parties shall suggest alternative language for any portions they wish deleted.  If a party determines that no information needs to be deleted, that party shall so notify the court in writing on or before August 31, 2007.


____/s/Evan J. Wallach_____
            Evan J. Wallach, Judge

Dated: August 20, 2007
            New York, New York

# NOTICE OF ENTRY AND SERVICE

This is a notice that an order or judgment was entered in the docket of this action, and was served upon the parties on the date shown below.

Service was made by depositing a copy of this order or judgment, together with any papers required by USCIT Rule 79(c), in a securely closed envelope, proper postage attached, in a United States mail receptacle at One Federal Plaza, New York, New York 10278 and addressed to the attorney of record for each party at the address on the official docket in this action, except that service upon the United States was made by personally delivering a copy to the Attorney-In-Charge, International Trade Field Office, Civil Division, United States Department of Justice, 26 Federal Plaza, New York, New York 10278 or to a clerical employee designated, by the Attorney-In-Charge in a writing filed with the clerk of  the  court.

or

Service was made electronically, by the Court's CM/ECF system, upon those parties that have filed a Notice of Consent to Electronic Service.


Tina Potuto Kimble
Clerk of the Court


Date: _____        By: _____
                                                             Deputy Clerk